IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| WAYNE'S ROOFING, INC., | No. 87182-0-I |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, | |
| Appellant. | |

BOWMAN, A.C.J. — In August 2021, Wayne's Roofing Inc. employee William Knight was inspecting a portion of a 12-foot, 1-inch-high roof at Kentridge High School without using a fall protection system. The Department of Labor and Industries (L&I) cited Wayne's Roofing for failing to use a fall protection system on a low-pitched roof and imposed a $43,200 penalty. Wayne's Roofing appealed to the Board of Industrial Insurance Appeals (Board), which affirmed the citation. Wayne's Roofing then appealed to the King County Superior Court, which concluded that Knight's inspection activities rendered him exempt from using fall protection and reversed L&I's citation. L&I appeals. Because construction work was underway on the roof that Knight was inspecting, WAC 296-880-30005(3)(b)'s exemption to using a fall protection system does not apply. We reverse the superior court and affirm the Board's decision.

## FACTS

In July 2021, Wayne's Roofing began a project at Kentridge High School in Kent. The project involved replacing roofing over four acres of buildings and walkways.

On August 3, 2021, Knight, a foreperson for Wayne's Roofing, stood on a 10-foot-wide by 100-foot-long flat, unguarded roof area that was 12 feet, 1 inch off the ground. He used no fall protection system and was looking for anchor points on the roof to install fall protection equipment for his crew. Knight was five to eight steps from a part of the roof where construction work had begun.

Meanwhile, compliance safety and health officer (CSHO) Patrick Oliver drove by the site and saw Knight on the roof without fall protection. Oliver took a photograph of Knight, as shown below, while he inspected the jobsite.



On September 17, 2021, L&I cited Wayne's Roofing for a "Repeat Serious" violation of WAC 296-880-30005(1)(a)[1] and imposed a $43,200 penalty.

---

[1] L&I had cited Wayne's Roofing for the same violation on February 19, 2019, May 17, 2019, and October 7, 2020.

The citation stated, "Upon inspection, the CSHO observed [one] employee exposed to a fall hazard of [12] feet, [1] inch while conducting roofing work on the edge of a roof, without the use of an appropriate fall protection system."

Wayne's Roofing appealed the citation and L&I held a hearing. On November 9, 2021, L&I issued a "Corrective Notice of Redetermination" (CNR), affirming the citation and penalty assessment. On November 22, 2021, Wayne's Roofing appealed the CNR to the Board.

In November 2022, an industrial appeals judge (IAJ) held a hearing. The parties stipulated that Knight was engaged in roofing work without fall protection on a roof more than 12 feet high. Wayne's Roofing argued, among other things, that WAC 296-880-30005(3)(b)'s exemption to the fall protection regulation applies because Knight was inspecting roof conditions before construction began on that section of the roof.

L&I presented testimony from CSHO Oliver that the exemption does not apply because construction work had started. And it presented testimony from Erich Smith, an L&I safety technical specialist responsible for interpreting and applying certain WACs concerning fall protection. Smith testified that while there was no construction work underway on the "specific section of the roof" where Knight stood, that fact has no bearing on whether the exemption applies because construction work had begun on another section of the roof.

On March 7, 2023, the IAJ entered a proposed decision and order, concluding that Wayne's Roofing "committed a repeat serious violation of WAC 296-880-30005(1)(a)" and that L&I "appropriately assessed a $43,200 penalty."

3

The IAJ found that "construction work had started [five to eight] steps from where Mr. Knight stood on the unguarded roof without fall protection." And Knight "was inspecting, investigating, or assessing roof-level conditions on a low-pitched roof after the start of construction work." It also found that Wayne's Roofing failed to prove that the WAC 296-880-30005(3)(b) exemption applies because "construction had started just a few steps from where Mr. Knight was photographed without fall protection."

On April 25, 2023, Wayne's Roofing petitioned the Board for review, again arguing that Knight was exempt from having to use fall protection under WAC 296-880-30005(3)(b). The Board denied the petition for review and adopted the IAJ's proposed decision and order as its "Decision and Order."

On June 6, 2023, Wayne's Roofing appealed to the King County Superior Court. After a hearing, the superior court entered findings of fact and conclusions of law. The court reversed L&I's citation, concluding that Knight's conduct was exempt under WAC 296-880-30005(3)(b) because the regulation "applies not solely to the start of the entire construction project but to the start of construction work upon a designated section of the larger project."

L&I appeals.

ANALYSIS

L&I argues the superior court erred by reversing the Board because substantial evidence supports the Board's decision that Wayne's Roofing violated WAC 296-880-30005(1)(a). Wayne's Roofing argues that the Board erred

4

because Knight was exempt from the fall protection regulation under WAC 296-880-30005(3)(b). We agree with L&I.

The Washington Industrial Safety and Health Act of 1973 (WISHA), chapter 49.17 RCW, governs judicial review of decisions that the Board issues. *Erection Co. v. Dep't of Lab. & Indus.*, 160 Wn. App. 194, 201, 248 P.3d 1085 (2011). In a WISHA appeal, we review a decision based on the record before the Board, not the superior court. *Ostrom Mushroom Farm Co. v. Dep't of Lab. & Indus.,* 13 Wn. App. 2d 262, 271, 463 P.3d 149 (2020). We determine whether substantial evidence supports the Board's findings of fact and, if so, whether those findings support the Board's conclusions of law. *J.E. Dunn Nw., Inc. v. Dep't of Lab. & Indus.*, 139 Wn. App. 35, 42, 156 P.3d 250 (2007). The Board's findings of fact are conclusive if substantial evidence supports them. *Frank Coluccio Constr. Co. v. Dep't of Lab. & Indus.*, 181 Wn. App. 25, 35, 329 P.3d 91 (2014). Substantial evidence is evidence sufficient "to persuade a fair-minded person of the truth of the declared premise." *Id.* We view the evidence and all reasonable inferences drawn from it in favor of the party that prevailed in front of the Board. *Ostrom*, 13 Wn. App. 2d at 271. Unchallenged findings are verities on appeal. *Frank Coluccio*, 181 Wn. App. at 35.

We review the Board's interpretation of statutes and regulations de novo but "give substantial weight to an agency's interpretation of a regulation within its area of expertise." *Erection Co.*, 160 Wn. App. at 201-02. We interpret WISHA regulations liberally to achieve their purpose of providing safe working conditions for every Washington worker. *Id.* at 202. Our interpretation begins with the plain

meaning of the regulation. *Bayley Constr. v. Dep't of Lab. & Indus.*, 10 Wn. App. 2d 768, 789, 450 P.3d 647 (2019). To determine the regulation's plain meaning, we may look to the entire statutory scheme. *Wash. Cedar & Supply Co. v. Dep't of Lab. & Indus.*, 137 Wn. App. 592, 599, 154 P.3d 287 (2007). We avoid interpretations that yield unlikely or absurd results. *Bayley Constr.*, 10 Wn. App. 2d at 790. "If a regulation is unambiguous, we will not look beyond the plain meaning of the words in the regulation." *Wash. Cedar & Supply,* 137 Wn. App. at 599.

To establish a prima facie case of a serious violation of a WISHA regulation, L&I must prove, among other things, that the cited standard applies and that the requirements of the standard were not met. *J.E. Dunn*, 139 Wn. App. at 44-45. Then, the burden shifts to the employer to show that an exemption applies. *See id.* at 46.

Chapter 296-880 WAC provides the "Unified Safety Standards for Fall Protection." Under WAC 296-880-30005(1)(a),

> [t]he employer must ensure that a fall arrest system, fall restraint system, or positioning device system is provided, installed, and implemented in accordance with WAC 296-880-400 Fall protection system specifications when employees are exposed to fall hazards of six feet[2] or more to the ground or lower level while . . . [e]ngaged in roofing work on a low pitched roof.

Under WAC 296-880-30005(3)(b), employees are exempt from the fall protection requirement when they are "inspecting, investigating, or assessing roof

---

[2] In 2022, L&I reduced the height at which a fall protection system is required from 10 feet to 6 feet. WSR 22-19-082. Because Knight was more than 12 feet off the ground when L&I cited Wayne's Roofing in 2021, the amendment does not affect our analysis, and we cite the current regulation.

level conditions or work to be performed only on low pitch roofs prior to the start of construction work or after all construction work has been completed."[3] The exemption does not apply "where construction work is underway." WAC 296-880-30005(3)(b). This is because "before and after the work is done, there is no on-going construction work to divert the inspector's attention from the fall hazard. Once there is construction activity, the risk goes up by virtue of that diversion of attention." OSHA, Standard Interpretation Letter No. 20091112-9340 (Mar. 2, 2010), https://www.osha.gov/laws-regs/standardinterpretations/2010-03-02-1 [https://perma.cc/7YDG-ZQ3J]; *see* 29 C.F.R. §1926.500(a)(1).[4]

Here, the Board found that Knight was on a low-pitched roof without fall protection, "inspecting, investigating, or assessing roof level conditions or work to be performed." But at the time of the inspection, construction work had started "five to eight steps" from where Knight stood. So, Knight was inspecting the roof while construction work was "underway" and was not exempt from using fall protection equipment. WAC 296-880-30005(3)(b). As a result, the Board did not err.

Wayne's Roofing argues that WAC 296-880-30005(3)(b) should be read to exempt fall protection "for a short inspection in a distinct and separate section of

---

[3] "Inspecting" includes "[a]ssessing the roof to determine what method of fall protection will be provided to employees." WAC 296-880-30005(3)(b).

[4] "In interpreting our WISHA regulations in the absence of state decisions, we may look to [OSHA] regulations and consistent federal decisions." *Wash. Cedar & Supply*, 137 Wn. App. at 604.

the roof where no construction work had started."[5]  In support of its argument, Wayne's Roofing points to WAC 296-880-500(3).  But that WAC is a nonmandatory appendix governing the use of safety monitor systems.  It provides guidelines in determining the widths of roofs and, in that context, recognizes that some roofs are "comprised of several separate, noncontiguous roof areas."  WAC 296-880-500(3).  And Wayne's Roofing fails to explain how this appendix informs our interpretation of WAC 296-880-30005(3)(b), which does not reference WAC 296-880-500(3) or contain similar language.  We will not read language into the exemption that is not there.  *See Wash. Cedar & Supply,* 137 Wn. App. at 790.

Wayne's Roofing also asserts that the definition of "construction work" under WAC 296-880-095(9) recognizes "the existence of phased construction where 'construction work' can begin at different times."  WAC 296-880-095(9) defines "construction work" as

> [a]ll or any part of excavation, construction, erection, alteration, repair, demolition, and dismantling of buildings and other structures and all operations in connection therewith; the excavation, construction, alteration and repair of sewers, trenches, caissons, conduits, pipe lines, roads and all operations pertaining thereto; the moving of buildings and other structures, and to the construction, alteration, repair, or removal of wharfs, docks, bridges, culverts, trestles, piers, abutments or any other construction, alteration, repair or removal work related thereto.

Wayne's Roofing says that use of the language "[a]ll or any part of" is an

---

[5] Wayne's Roofing also makes several policy arguments, like, "Applying the [WAC] 296-880-30005(3)(b) exemption to separate stages of construction mirrors the industry's best practices and is more safe."  But we are tasked with interpreting and enforcing the WACs.  Whether a WAC amounts to good policy is an argument best aimed at the agency.

acknowledgment that "construction activity may start in distinct parts." But the "[a]ll or any part of" language in the regulation refers to the processes amounting to "construction work," not when the construction work begins. WAC 296-880-095(9). And under the plain language of WAC 296-880-30005(3)(b), when construction work is "underway" on a roof, the "exemption does not apply."[6]

Because Knight was not exempt from using fall protection under WAC 296-880-30005(3)(b), we reverse the superior court's findings of fact and conclusions of law and affirm the Board's decision.

_____, ACJ

WE CONCUR:

_____          _____
Chung, J.                        Mann, J.

---

[6] L&I suggests that WAC 296-880-30005(3)(b) does not apply after construction work has started anywhere on a job site. Wayne's Roofing argues that such a reading of the exemption "results in impossible and absurd applications," rendering the exemption useless. We are skeptical of L&I's interpretation. The fall protection regulation applies to work on "a low pitched roof," so it follows that the regulation's exemption concerns construction work on that same roof. WAC 296-880-30005(1)(a), (3)(b). In any event, because the construction work here was occurring five to eight steps from Knight, we need not decide that issue.

9